Jeffrey S. Sabin
Robert M. Dombroff
Joshua Dorchak
**BINGHAM MCCUTCHEN LLP**
399 Park Avenue
New York, New York  10022
(212) 705-7000

Attorneys for Deutsche Bank AG

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re : Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., *et al.,* : Case No. 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
---------------------------------------------------------------x
:
DEUTSCHE BANK AG, :
:
Plaintiff, : Adv. Pro. No. 08-_____ (JMP)
:
v. :
:
LEHMAN BROTHERS HOLDINGS INC., :
:
Defendant. :
:
---------------------------------------------------------------x

## COMPLAINT

Plaintiff Deutsche Bank AG ("DB"), by its attorneys Bingham McCutchen LLP, for its complaint against Defendant Lehman Brothers Holdings Inc. ("LBHI"), states as follows:

A/72723857.2

## NATURE OF THE ACTION

1. By this action, DB asks this Court to correct a simple but substantial mistake. DB owed $72.5 million to its counterparty under a certain contract. Well after LBHI filed its chapter 11 petition in this Court, DB wire transferred this sum to LBHI instead of the counterparty, due to both a clerical error at DB and a miscommunication between DB and its counterparty. LBHI was never the intended recipient of the sum transferred and never had any interest in the contract between DB and its counterparty. After several discussions, LBHI has not agreed to return the sum that it mistakenly received. Independently, DB has paid its counterparty the sum owed. LBHI should promptly repay DB and conclude this matter.

## THE PARTIES

2. Plaintiff Deutsche Bank AG is a global investment bank based in Frankfurt, Germany, with offices world-wide, including New York City.

3. On information and belief, Defendant Lehman Brothers Holdings Inc., a Debtor and Debtor-in-Possession in the above-captioned proceedings, is a Delaware corporation with its principal executive offices in New York City.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter under the Bankruptcy Code pursuant to 28 U.S.C. §157 and §1334.

5. This is a core proceeding under 28 U.S.C. §157(b)(2).

6. Venue in this district is proper pursuant to 28 U.S.C. §1409(a).

7. This Complaint has been brought in accordance with Fed. R. Bankr. P. 7001 and seeks relief under section 105 of the Bankruptcy Code and applicable state law.

# FACTS

8. DB and a certain fund (the "Fund") are parties to an ISDA Master Agreement, including a Schedule thereto and an ISDA Credit Support Annex to such Schedule, all dated as of October 25, 2005 (collectively, the "Agreement").

9. On September 26, 2008, the Fund instructed DB to transfer to the Fund $72,500,000 (the "Payment Amount") that was payable to the Fund under the Agreement.

10. After receiving this instruction, DB promptly transferred the Payment Amount (the "Incorrect Transfer") using wire instructions for the Fund that were on file in DB's back office (the "Incorrect Instructions").

11. Shortly thereafter, the Fund, which was unaware that DB had already effected the Incorrect Transfer, provided DB with wire transfer instructions for the Payment Amount (the "Correct Instructions").

12. Soon thereafter, DB learned that the Incorrect Instructions were incorrect in two respects: (i) the receiving account listed in the Incorrect Instructions was intended to be a certain bank account (the "Prime Broker Account") at Bank of America ("BofA") held by an entity that had been, but no longer was, the Fund's prime broker; and (ii) the account number of the receiving account listed in the Incorrect Instructions is not the number of the Prime Broker Account, but rather, is the number of a bank account at BofA held by LBHI (the "LBHI Account").

13. DB attempted, but was unable, to unwind the Incorrect Transfer.

14. Thus, the Payment Amount was received by LBHI, but was never intended by any person to be transferred to or for the benefit of LBHI.

15. After DB informed the Fund about the Incorrect Transfer, the Fund instructed DB to wire transfer the Payment Amount to a certain bank account at Citibank N.A. held by the Fund (the "Revised Instructions").

16. On October 3, 2008, DB paid the Payment Amount to the Fund pursuant to the Revised Instructions (the "Payment").

17. Concurrently with the Payment, the Fund and DB executed an agreement whereby, among other things, the Fund releases any and all claims it may have as to any of the funds transferred via the Incorrect Transfer.

18. DB has demanded that LBHI return the Payment Amount to DB.

19. LBHI has refused to return the Payment Amount to DB, on the alleged basis that one or more Lehman entities -- not necessarily LBHI -- is owed approximately $290 million by DB.

20. DB is aware of no contractual or other relationship with LBHI that could give rise to a debt in any amount owing from DB to LBHI.

21. DB has not received the Payment Amount from LBHI or any other source.

## COUNT I
## UNJUST ENRICHMENT

22. DB repeats and realleges the allegations in paragraphs 1 though 21 above as if fully set forth herein.

23. LBHI had and has no legal or equitable right, title or interest in the Payment Amount that it received via the Incorrect Transfer.

24. LBHI received the Payment Amount via the Incorrect Transfer solely as the result of one or more mistakes of fact.

25. LBHI has not relied to its detriment on the Incorrect Transfer.

4

26. DB has paid the Payment Amount to the Fund.

27. In equity and good conscience, LBHI should return to DB the Payment Amount that LBHI received via the Incorrect Transfer, plus applicable interest and costs.

### COUNT II
### MONEY HAD AND RECEIVED

28. DB repeats and realleges the allegations in paragraphs 1 though 21 above as if fully set forth herein.

29. LBHI had and has no legal or equitable right, title or interest in the Payment Amount that it received via the Incorrect Transfer.

30. LBHI received the Payment Amount via the Incorrect Transfer solely as the result of one or more mistakes of fact.

31. LBHI has not relied to its detriment on the Incorrect Transfer.

32. DB has paid the Payment Amount to the Fund.

33. In equity and good conscience, LBHI should return to DB the Payment Amount that LBHI received via the Incorrect Transfer, plus applicable interest and costs.

WHEREFORE, the DB respectfully requests that this Court enter judgment against LBHI, as follows:

(1) on the First Cause of Action, (a) directing LBHI promptly to return to DB the Payment Amount received by LBHI via the Incorrect Transfer, plus interest and costs to the full extent allowable by law, or, in the alternative, (b) awarding DB $72,500,000.00, plus interest and costs to the full extent allowable by law, to be paid by LBHI immediately in full and in cash;

(2) on the Second Cause of Action, (a) directing LBHI promptly to return to DB the Payment Amount received by LBHI via the Incorrect Transfer, plus interest and

costs to the full extent allowable by law, or, in the alternative, (b) awarding DB $72,500,000.00, plus interest and costs to the full extent allowable by law, to be paid by LBHI immediately in full and in cash; and

    (3)    granting DB such other further relief as may be just and proper.

Dated: New York, New York
       November 11, 2008

**BINGHAM MCCUTCHEN LLP**

By: /s/ Joshua Dorchak
    Jeffrey S. Sabin
    jeffrey.sabin@bingham.com
    Robert M. Dombroff
    robert.dombroff@bingham.com
    Joshua Dorchak
    joshua.dorchak@bingham.com
    399 Park Avenue
    New York, New York 10022
    Tel.: (212) 705-7000
    Fax: (212) 752-5378

Attorneys for Deutsche Bank AG